IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-004-KDB-DCK

| MONICA CLAY | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Summary Judgment Or, Alternatively, Motion To Dismiss" (Document No. 15) and Plaintiff's "Motion For Summary Judgment" (Document No. 17). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Defendant's Motion For Summary Judgment Or, Alternatively, Motion To Dismiss" (Document No. 15) be granted; Plaintiff's "Motion For Summary Judgment" (Document No. 17) be denied; and that the Commissioner's decision be affirmed.

### I. BACKGROUND

Plaintiff Monica Clay ("Plaintiff"), appearing *pro se*, filed this action seeking judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about October 15, 2015, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning April 12,

2015. (Transcript of the Record of Proceedings ("Tr.") 10, 208, 214). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on November 4, 2015, and again after reconsideration on November 25, 2015. (Tr. 10, 126, 131, 137, 141, 145, 150). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of limited mobility, fractured left hip, fractured femur.
> The medical evidence shows that your condition will not remain severe enough for 12 continuous months to be considered disabling. Although the condition is severe, it is not expected to remain disabling for at least twelve continuous months as the law requires. Though you will be unable to meet the functional demands of your past job as home health care aid as you have described it, other information shows that you will retain the functional capacity to meet the functional demands of this job as it is generally performed. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 141).

Plaintiff filed a timely written request for a hearing on January 7, 2016. (Tr. 10, 155-157). On November 2, 2017, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson (the "ALJ"). (Tr. 10, 63-85). In addition, G. Roy Sumpter, a vocational expert ("VE"), and Jamie Johnson, counsel for Plaintiff, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on February 21, 2018, denying Plaintiff's claim. (Tr. 7-18). On March 8, 2018, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on November 5, 2018. (Tr. 1-4, 202). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 3, 2019. (Document No. 1). This case was originally assigned to the Honorable Graham C. Mullen, and was referred to the undersigned Magistrate Judge on February 8, 2019.

On March 20, 2019, Judge Mullen entered a Social Security Scheduling Order directing, pursuant to Local Rule 7.2, that Plaintiff file a Motion For Summary Judgment by May 20, 2019, and Defendant file a Motion For Summary Judgment by July 18, 2019. On June 6, 2019, Plaintiff filed a request for additional time to file her Motion For Summary Judgment. (Document No. 12). The Court promptly re-set the case deadlines allowing Plaintiff to file her motion by July 19, 2019, and requiring that Defendant's motion be filed by September 19, 2019. (Document No. 13).

This case was reassigned to the Honorable Kenneth D. Bell on June 14, 2019.

Plaintiff failed to timely file a Motion For Summary Judgment <u>or</u> to request another extension of time. "Defendant's Motion For Summary Judgment Or, Alternatively, Motion To Dismiss" (Document No. 15) and "Memorandum In Support Of Defendant's Motion For Summary Judgment Or, Alternatively, Motion To Dismiss" (Document No. 16) were filed August 12, 2019.

No response/reply brief has been filed, and the time to do so has lapsed. <u>See</u> Local Rule 7.2(e). However, on October 7, 2019, *pro se* Plaintiff did file what she described to the Clerk's office as her "motion for summary judgment." <u>See</u> (Document No. 17). The Clerk's Office subsequently docketed the filing as a "Motion For Summary Judgment." <u>Id.</u>

The undersigned finds that *pro se* Plaintiff's late filing is more accurately described as a letter or note, apparently intended for Judge Mullen. <u>See</u> (Document No. 17). The filing does <u>not</u> mention summary judgment, the ALJ hearing or decision, or anything about Plaintiff's alleged disability or claim for social security benefits. <u>Id.</u> Moreover, the filing does not comply with *any* of the requirements for a memorandum of law in support of a motion for summary judgment in a

3

social security case, nor does it comply with the basic requirements of any motion before this Court. See Local Rules 7.1 and 7.2.

Attached to Plaintiff's filing are medical records related to a fractured tibia treated on or about September 19, 2019, and a CT scan of her spine on August 19, 2019, as well as a bill and a letter from her utility providers. (Document Nos. 17-1 – 17-3). These attachments do not address Plaintiff's underlying claim of disability, and they are not related to the time period considered by the ALJ – April 12, 2015 through February 21, 2018. Id. See also (Document No. 10-3, pp. 11, 18).

This matter is now ripe for review and a recommended disposition to Judge Bell.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 12, 2015, and the date of his decision.[1] (Tr. 11). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 18).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since April 12, 2015, her alleged disability onset date. (Tr. 13). At the second step, the ALJ found that "[l]eft intertrochanteric and femoral shaft fracture status post cephalomedullary nail" were severe impairments.[2] (Tr. 13). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

listed in 20 C.F.R. 404, Subpart P, Appendix 1. Id. The ALJ held that the "evidence does not satisfy the criteria of Listing 1.02, *Major Dysfunction of a Joint* (due to any cause)." Id.

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform medium work activity, with the following limitations:

> lift and carry 50 pounds occasionally and 25 pounds frequently. She could sit, stand, or walk for six hours in an eight-hour workday. She could occasionally push and pull with the left lower extremity. She could occasionally climb and balance, and frequently stoop, kneel, crouch, or crawl. She must have no concentrated exposure to hazards such as moving machinery or unprotected heights.

(Tr. 13). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a home attendant and certified nursing assistant. (Tr. 17).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 17-18). Specifically, the ALJ noted that the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a wrapper operator, hand packer, and assembler of metal furniture. (Tr. 18). The ALJ determined that the VE's testimony was consistent with the Dictionary of Occupational Titles. Id. (citing SSR 00-4p). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 12, 2015, and the date of his decision, February 21, 2018. (Tr. 18).

7

As noted above, Plaintiff on appeal to this Court has filed a "Complaint" (Document No. 1), but she has failed to make any filing that assigns any error to the ALJ's decision. Despite Plaintiff's failure to make an appropriate filing, Defendant timely filed a "…Motion For Summary Judgment Or, Alternatively, Motion To Dismiss" (Document No. 15) and "Memorandum In Support…" (Document No. 16). Defendant contends that summary judgment is appropriate because substantial evidence supports the ALJ's decision; and in the alternative, that this action should be dismissed pursuant to Fed.R.Civ.P. 41(b) and/or Local Rule 7.2, based on Plaintiff's failure to file an appropriate motion for summary judgment. (Document No. 16).

The undersigned will address Defendant's arguments below.

**A.     Noncompliance with Prescribed Treatment**

Defendant first describes Plaintiff's repeated refusals to allow recommended treatment. Defendant notes that Plaintiff had a severe impairment of "left intetrochanteric and femoral shaft fracture (status post cephalomedullary nail) due to a motor vehicle accident" on or about April 13, 2015. (Document No. 16, p. 6). "Orthopedic surgeon Dr. Michal J. Bosse performed locked IM nailing of the ipsilateral hip and femur fracture following this accident and four days later discharged plaintiff in stable condition." Id. (citing Tr. 302-304).

> Dr. Bossee, in a follow-up visit on July 23, 2015, some 3 months following surgery, reported that plaintiff was "told to discontinue her walker and start using a cane" (Tr. 366). Although plaintiff reported hip pain on weight bearing, on examination, Dr. Bossee found "fairly good" hip range of motion with only "mild pain at extreme of internal rotation." Id. He found her motor and sensory intact. Id. X-rays showed "stable placement of orthopedic hardware" with plaintiff's femoral shaft fracture "well-healed in all cortices." Id.
> However, Dr. Bossee noted that plaintiff's intertrochanteric femur fracture is not yet completely healed. Id. He further noted that this is why she was still having localized hip weight bearing pain, but opined, "As the fracture heals, this pain will slowly resolve" (Tr. 367). Dr. Bosse told plaintiff to "continue the cane as

8

Case 3:19-cv-00004-KDB-DCK     Document 18     Filed 11/25/19     Page 8 of 13

long as needed." Id.  Plaintiff was offered at that time, but **declined, an injection to help with the pain**.  Id.

(Document No. 16, pp. 6-7) (emphasis added)

At a 6-month follow-up visit, Dr. Bosse noted that Plaintiff complained of pain and was "here today with disability paperwork."  (Tr. 370).  Dr. Bosse reported that x-rays showed Plaintiff's "fractures are well-healed," and he "reiterated that likely the best treatment both for therapeutic and diagnostic purposes would be injection of the bursa;  however, she refuses again today." (Document No. 16, p. 7) (citing Tr. 366, 370).

At a 7-month follow-up, on November 19, 2015, Plaintiff again refused "a steroid injection for her trochanteric bursa."  Id.  (citing Tr. 375).  Visiting physician assistant Kathy Crump of OrthoCarolina on November 3, 2016, Plaintiff again declined a bursa injection.  (Document No. 16, pp. 7-8) (citing Tr. 389).

Defendant acknowledges that a medical record first produced to the Appeals Council after the ALJ's decision indicates that Plaintiff's "trochanteric bursa was injected in 12/2016," and further states that by January 20, 2017, "she had shown significant improvement." (Document No. 16, p. 8) (citing Tr. 36).  Defendant also notes that Plaintiff underwent surgery after the ALJ's decision, in June 2018, to upsize her hardware nail.  Id.  At that time Dr. Bosse remarked that Plaintiff  "was somewhat difficult to manage given her constant request for disability despite a treatable medical condition"  Id.  (citing Tr. 36).

Defendant concludes that Plaintiff is not entitled to benefits due to her noncompliance with her treating orthopedic physician's prescribed treatment.  Id.

> As stated in *Gross v. Heckler*, 755 F.2d 1163, 1166 (4th Cir. 1986), "If a symptom can be reasonably controlled by medication or treatment it is not disabling." See also *Purdham v. Celebrezze*, 349 F.2d 828, 830 (4th Cir. 1965);  Cf. 20 C.F.R. § 404.1530(b).  Cf. 20

9

> C.F.R. §404.1530(b) (If you do not follow prescribed treatment for good reason, we will not find you disabled.).

Id.

## B. Substantial Evidence

Next, Defendant asserts that substantial evidence supports the ALJ's RFC finding, that allows Plaintiff to perform a significant number of jobs in the national economy, and therefore, supports the denial of disability benefits. (Document No. 16, pp. 9-13).

### 1. State Agency Medical Consultant Dr. Frank Virgili

Defendant notes that the ALJ gave "substantial weight" to the opinion of Dr. Virgili, who opined that Plaintiff could perform a reduced range of medium work. (Document No. 16, p. 9) (citing Tr. 16 (citing Tr. 120-121). The ALJ opined:

> Dr. Virgili reviewed the evidence of record through the date of his assessment, and noted the claimant was in no distress and lived alone. Further, there was no evidence of hardware failure. Moreover, the fractures healed without complications. Likewise, the specialist treatment notes show the claimant refused injection for pain management-and neither physician opted to complete any form of disability paperwork. (Ex. 3F and 6F).

(Tr. 16). "Consistent with Dr. Bosse's position, Dr. Mokris declined to complete any disability forms on Plaintiff's behalf" (Tr. 15) (citing Tr. 387).

Defendant asserts that Dr. Virgili's opinion provides substantial evidentiary support for the ALJ's RFC. (Document No. 16, p. 9). Defendant notes that "State agency consultants are 'highly qualified . . . experts in Social Security disability evaluation." (Document No. 16, pp. 9-10) (quoting 20 C.F.R. § 416.927(e)(2)(i); and citing Lusk v. Astrue, No. 1:11-CV-196-MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (expert opinions of agency reviewing physicians may amount to substantial evidence where they represent a reasonable reading of the relevant evidence)).

### 2. Treating Physician Dr. Jeffrey Mokris

Next, Defendant cites the "considerable weight" give to the opinion of treating orthopedic physician Dr. Jeffrey Mokris as further support that "substantial evidence" supports the ALJ's decision. (Document No. 16, pp. 10-12) (citing Tr. 16).

> The ALJ noted that on May 12, 2016, Dr. Mokris observed plaintiff had well-healed incisions, good range of motion over the hip without any discomfort, good pulses to the extremity, and neurologic intactness (Tr. 15, 391). Dr. Mokris noted a possibility of mild bursitis and **offered injection, which plaintiff refused**. Id. Dr. Mokris opined that plaintiff's complaints should not be "as symptomatic as she portrays." Id. At a follow up visit on November 17, 2016, on examination Dr. Mokris noted "not much in the way of trocb.anteric tenderness, but maybe some mild trochanteric bursitis" (Tr. 387). Plaintiff was neurologically intact with good extremity pulses. Id. Dr. Mokris **told plaintiff he was "not really interested in filling out any disability forms**" and sent her back to Dr. Bossee. Id.

(Document No. 16, p. 10) (emphasis added).

In addition, Defendant asserts that it is Plaintiff's burden to establish any medically determinable impairments that affect functioning, and that she has failed to meet that burden. (Document No. 16, p. 11).

### C.     Failure to Prosecute

Finally, Defendant argues that this action should be dismissed due to Plaintiff's failure to comply with Local Rule 7.2, by not filing a motion for summary judgment, despite receiving an extension of time to do so. (Document No. 16, p. 11) (citing Fed.R.Civ.P. 41(b)).

### IV.     CONCLUSION

Defendant's arguments are compelling. (Document No. 16). In short, the undersigned finds that the ALJ's opinion is thorough and agrees that it is supported by substantial evidence. (Tr. 10-18). The undersigned finds that there is "such relevant evidence as a reasonable mind

11

might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

While it is regrettable that *pro se* Plaintiff failed to file an appropriate motion and memorandum, the undersigned is persuaded that the ALJ's decision is more than adequate, and that it is highly unlikely that Plaintiff could present an argument that would support reversal or remand of the ALJ's decision.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Defendant's Motion For Summary Judgment Or, Alternatively, Motion To Dismiss" (Document No. 15 be **GRANTED**; Plaintiff's "Motion For Summary Judgment" (Document No. 17) be **DENIED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue

with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: November 22, 2019

David C. Keesler
United States Magistrate Judge